IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS E. SCHERER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-2019-CM |
| | ) |
| MERCK & CO., et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This case comes before the court on the motion of the pro se plaintiff, Thomas E. Scherer, to lift the stay imposed on March 11, 2005 **(doc. 79).** Defendant Merck & Co. has filed a response (doc. 80), indicating that it opposes plaintiff's motion. Defendants State of Kansas (the "State") and United States of America have not yet responded, and the time for doing so has passed. Plaintiff has also filed a reply brief (doc. 82). For the reasons set forth below, the court concludes that the previously-entered stay should remain in effect, except with regard to dispositive motions.

On February 24, 2005, plaintiff indirectly and informally asked the court to stay his time for filing any pleadings or responses until such time as his medical doctor releases him. That is, by facsimile transmission dated February 10, 2005, Michael G. Smith, M.D., informed the court that plaintiff

> is under the care of the VA Medical Center. As his treating outpatient psychiatrist I am recommending that [plaintiff] delay any legal proceedings until he is in a more stable psychiatric condition. I anticipate that with changes in [plaintiff's]

> medication, under supervision, he will be able to function adequately in about thirty days.[1]

On March 11, 2005, the court granted plaintiff's motion to stay (doc. 76). By way of that order, the court directed that the parties not file any additional motions or pleadings until the stay was lifted. The court also advised plaintiff to file a motion to lift the stay when he was released by Dr. Smith.

As earlier indicated, plaintiff now has filed his motion to lift the stay. In support of his motion, plaintiff attached correspondence from Dr. Smith indicating that he anticipated that plaintiff "will be able to resume his normal level of functioning by April 1, 2005."[2] Merck opposes this motion on the basis that Dr. Smith's correspondence does not indicate that plaintiff is prepared to resume his normal level, but, rather, that he is *expected* to resume his normal level.[3]

The court concludes that plaintiff's emotional state does not technically justify an extension of the current stay. That is, the stay essentially was self-imposed by plaintiff, and the court must take plaintiff and his physician's opinions of plaintiff's condition for what they

---

[1] *See* doc. 58 at 6-7.

[2] Doc. 79, Exh. A.

[3] In addition to its opposition to this motion, Merck's response brief requests alternative relief. Merck asks that, if the stay is to be lifted, the court impose certain restrictions upon plaintiff's ability to file in this case. As the court declines to completely lift the stay, so that all parties will be limited in their filing, the court concludes that it is not necessary to address Merck's request at this time. If this case is not finally concluded as a result of rulings on the pending dispositive motions, the court will then lift the stay and revisit the issue of abuse of filing privileges.

are worth. However, exercising its discretion and trying to be practical instead of just technical, the court concludes, based on what already has transpired in this litigation, that full-blown discovery and other pretrial matters, at least at this point, would be extremely wasteful and burdensome, given the pendency of dispositive motions. Therefore, the court will extend the previously-entered stay, with the exception that the briefing schedules for dispositive motions shall resume as follows.

Plaintiff's Motion to Remand (doc. 4): Plaintiff has filed his motion (doc. 4) and supporting memorandum (doc. 71). Defendants shall file their responses by **May 16, 2005.** Plaintiff shall file any reply brief by **June 3, 2005.**

United States' Motion to Dismiss (doc. 27): The United States has filed a motion and supporting memorandum requesting dismissal of all claims against it. Plaintiff shall file his response by **May 16, 2005.** The United States shall file any reply by **June 3, 2005.**

Plaintiff's Motion for Extension of Time (doc. 51): Although not dispositive in nature, this motion relates to plaintiff's deadline for responding to the State's motion to dismiss (doc. 46). Particularly, plaintiff seeks additional time to obtain transcripts in this case. The time for responding to this motion expired before the court entered the current stay, and none of the defendants filed any opposition. Therefore, the court presumes the defendants do not oppose the motion, and, therefore, that the motion is fully briefed. Therefore, no additional briefing is necessary as to this motion. To the extent the court concludes it needs additional information from plaintiff regarding the State's motion to dismiss, the Hon. Carlos Murguia,

U.S. District Judge, may grant any relief he deems necessary as to plaintiff's motion for an extension of time.

<u>State's Motion to Dismiss (doc. 46)</u>:   Despite plaintiff's motion for an extension of time to respond to the State's motion to dismiss, plaintiff has already filed a response (doc. 54).  This motion is now fully briefed by both plaintiff and the State (*see* docs. 47, 54, & 55). Therefore, with the exception of any additional information the court requires of plaintiff, as set forth above, this motion also requires no additional briefing.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to lift the stay **(doc. 79)** is granted in part and denied in part. It is granted to the extent it seeks to lift the stay regarding the briefing of dispositive motions, but it is denied to the extent it seeks to lift the stay of any other matters in this case.

2. Other than the briefing schedules set forth above, the parties shall not file any additional motions, pleadings, or papers until further order of the court.[4]

Copies of this order shall be served on *pro se* plaintiff and all counsel of record.

Dated this 26th day of April, 2005, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara

---

[4] The court declines, at this time, to address the character attack on Merck's counsel that is set forth in plaintiff's reply (doc. 82).  The court does advise plaintiff, however, that pro se parties must still meet the requirements of Fed. R. Civ. P. 11 and may be sanctioned for casting baseless aspersions toward opposing counsel.

O:\ORDERS\05-2019-CM-79.wpd      -4-

U.S. Magistrate Judge