IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THOMAS E. SCHERER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-2019-CM |
| | ) | |
| MERCK & CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.  Introduction.

This case comes before the court on the motion of Charles M. Wilson to intervene as a party plaintiff in this case **(doc. 89)**.  Also before the court is the related motion of the United States of America to strike Mr. Wilson's motion to intervene **(doc. 97)**.  Because the court's ruling on Mr. Wilson's right to intervene is potentially dispositive of his claims in this case, the undersigned magistrate judge submits the following findings of fact and conclusions of law as a report and recommendation to the assigned U.S. District Judge, Hon. Carlos Murguia, pursuant to 28 U.S.C. § 636(b)(1).  As set forth below, it is respectfully recommended that Judge Murguia deny both of the above-described motions, i.e., Mr. Wilson's motion to intervene should be denied on the merits, and the United States' motion to strike should be denied as moot.

II.  Background.

The instant motions have been briefed excessively.  It is somewhat confusing in the record, however, exactly which of the numerous documents filed by the parties relate to which motions.  The court will attempt to clarify the styling of documents and the court's construction of those documents, especially in those instances where the court construes the document to be something other than what the parties may have titled the document.

On May 17, 2005, Mr. Wilson filed a document styled "Notice of Joinder" (doc. 88). Within that document, Mr. Wilson states that he wants "to be added as a co-plaintiff asserting [his] rights (claim) in the following Class Action, Jury Trial Case No. 05-2019-CM-JPO."[1] Mr. Wilson goes on to state that plaintiff "does not represent [Wilson's] interests; nor does he object to [Wilson's] being added as a co-plaintiff."[2]

The same day, after review of this document by chambers staff, Mr. Wilson's "notice" was refiled by the Clerk of the Court as a motion to intervene in this case (doc. 89).  This was done because, as the court will address in more detail below, this case has <u>not</u> been certified as a class action; in a class action, a form notice is approved by the presiding trial judge, and that notice may be filed by plaintiffs who wish to opt-in.  Upon review of Mr. Wilson's "notice," it was clear that Mr. Wilson was misinformed as to the status of the instant case, and that his notice was inappropriate.  That is, because this case has not been certified as a

---

[1] Doc. 88 at 1.

[2] *Id.*

class action, a non-party does not have the right to become a party to this case except upon motion and leave of court.

Therefore, Mr. Wilson may only become a party to this lawsuit if a motion is filed to that effect and granted by the court. Moreover, as a non-party, Mr. Wilson may not file a motion for *joinder* under Fed. R. Civ. P. 19 and 20. These rules allow current parties to a case to file motions to add parties. That is, a plaintiff, for example, could file a motion for leave to amend his complaint to add additional plaintiffs or defendants. Rules 19 and 20 simply do not allow for a non-party to move for joinder.

The court construes Mr. Wilson's "notice" as a motion to intervene pursuant to Fed. R. Civ. P. 24, because it is the only rule under which Mr. Wilson may join this case of his own volition. However, redocketing this motion led to a flurry of filing activity and confusion by the parties. On May 31, 2005, defendant Merck & Co., Inc. filed its response to Mr. Wilson's motion (doc. 92). On June 1, 2005, the United States filed a motion to strike Mr. Wilson's motion (doc. 97).[3] Although plaintiff and Mr. Wilson were given an extension

---

[3] The United States filed this motion without seeking leave of court, notwithstanding the court's order of April 26, 2005 requiring the parties to obtain leave of court to file any documents other than those specifically delineated in that order. The United States subsequently sought leave of court retroactively to allow the filing of that motion (doc. 100). Over the strong objections of plaintiff (doc. 102), the court allowed the late filing of the motion to strike (doc. 105). However, because the court finds that Mr. Wilson clearly cannot intervene in this case, the motion of the United States to strike Mr. Wilson's motion to intervene is essentially moot. Moreover, to the extent the court were to treat the United States' motion to strike as a response to Mr. Wilson's original motion, the court's ruling would be identical even if the United States had filed no response.

of time to respond to the motion to strike (doc. 105), neither timely responded to the motion.[4]

Then, on June 2, 2005, Mr. Wilson filed a notice of objection (doc. 99) by which he advises the court that he wishes to "join" the case as a plaintiff rather than "intervene." On June 20, 2005, the United States filed a document styled a reply in support of its motion to strike (doc. 109). Within this document, the United States contends that Mr. Wilson's objection to the court's docketing change is also Mr. Wilson's response to the motion to strike.[5] Finally, on June 28, 2005, Mr. Wilson timely filed his reply brief in support of the motion to intervene (doc. 114).[6]

The court has reviewed all of the relevant documents filed, as set forth above.

### III. Class Action Issues.

Plaintiff, Thomas E. Scherer, has maintained in several court filings and e-mails to the court that this case is a class action lawsuit. In fact, plaintiff has not – either in state court or since this case was removed to this court – filed a formal motion for class certification.

---

[4] The court notes that both plaintiff and Mr. Wilson filed motions for review by the Hon. Carlos Murguia, U.S. District Judge of the undersigned magistrate judge's order (doc. 105) allowing the United States to file its motion to strike (docs. 110 & 111). However, under D. Kan. 72.1.4(d), these motions for review did not stay the order, nor did they extend the time for responding to the motion to strike.

[5] This reading of Mr. Wilson's filing is clearly mistaken. However, since neither plaintiff nor Mr. Wilson filed a timely response to the United States' motion to strike, the United States is not entitled to file a reply. Therefore, this document styled a reply will not be considered by the court. Moreover, as set forth above, the motion to strike is moot, so it is unnecessary for the court to review the "reply."

[6] Again, this document also purports to be a response to the motion of the United States to strike Mr. Wilson's motion. However, the motion was filed untimely without leave of court. Moreover, as set forth above, the motion to strike is moot. Therefore, the reply will only be considered as a reply brief in support of the motion to intervene.

Within plaintiff's original petition filed in state court, plaintiff does include a "demand for class action certification as provided under the Kansas Consumer Protection Act."[7] However, nowhere in the record is there any indication that plaintiff has presented the state court or this court with information regarding the proposed class, including numerosity, commonality, typicality, and adequacy of representation.  Each of these factors must be proven by plaintiff to the satisfaction of the court – regardless of whether this case is tried in state or federal court – prior to the certification of a class.[8]

Plaintiff contends that his case is a class action because no defendant timely objected to his demand for class certification.  However, as set forth above, plaintiff has never briefed the class certification issue or pleaded facts sufficient to meet the threshold requirements of class certification.  Therefore, plaintiff has not presented any salient facts or arguments to which defendants need respond.  Moreover, even if defendants' failure to respond to plaintiff's blanket assertion of class certification had created a bar to defendants' objecting in the future, a waiver by the defendants would not require the court to conclude that class certification was warranted.

In any event, it is clear from the record that no court has yet undertaken the analysis of whether this case meets the state or federal requirements of class certification.  Unless and until such certification is granted, there is no right of outside parties to "join" this case as

---

[7] Doc. 1, Exh. A. at 5, citing Kan. Stat. Ann. § 50-634(c) and (d).  For administrative purposes only, the Clerk of the Court noted plaintiff's demand for class certification as docket entry 49.

[8] *See* Kan. Stat. Ann. § 60-223(a) and Fed. R. Civ. P. 23.

class-action plaintiffs.  Therefore, as set forth above, Mr. Wilson must have leave of court in order to become a party to this case.

IV.   Intervention.

As set forth above, the court construes Mr. Wilson's motion as one for intervention pursuant to Fed. R. Civ. P. 24.  That rule provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.
>          . . .
> In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Because Mr. Wilson has maintained his position that he wants to "join," rather than "intervene," in the case, he has not advised to court as to whether he believes he may intervene as of right or permissively.  In his motion, he does indicate that plaintiff does not adequately represent his interests.  Defendants have argued that the applicable criteria have not been met for either type of intervention.

As a practical matter, Mr. Wilson's burden of proof for obtaining permissive intervention is much lower than that for obtaining intervention of right.  That is, in seeking

permissive intervention, Mr. Wilson need only prove that his claims have a question of law or fact in common with plaintiff's claims. Therefore, the court will analyze his motion in the context of one for permissive intervention.[9]

A.      Compliance with Rule 24(c).

Defendants assert that intervention – whether as a matter of right or permissive – should be denied because Mr. Wilson has failed to comply with Fed. R. Civ. P. 24(c). As applied here, Rule 24(c) requires that a pleading setting forth the proposed intervenor's claims accompany his motion to intervene.

After defendants raised this issue, Mr. Wilson attempted to file his complaint in this court. At the direction of chambers' staff, the Clerk of the Court refused to accept Mr. Wilson's complaint for filing and instructed him to attach his proposed complaint as an exhibit to his reply brief. Mr. Wilson has not attached a copy of his proposed complaint to his reply. Although the court could deny Mr. Wilson's motion on this basis, the court understands that Rule 24(c) is less than clear with regard to whether any unsigned copy of the complaint or answer of the proposed intervenor should be attached as an exhibit to the motion for intervention, or whether the complaint or answer of the proposed intervenor simply should be signed and filed. The former seems preferable (i.e., less presumptuous), and indeed that approach is implicitly sanctioned by Form 23 in the Appendix to the Federal

---

[9] While the court will not discuss intervention of right at length, it will note that Mr. Wilson clearly would not satisfy the requirements of Rule 24(a). Since Mr. Wilson's proposed action would involve completely separate defendants than those in this lawsuit, Mr. Wilson's ability to pursue his claims against his potential defendants is in no way affected by plaintiff's present lawsuit.

Rules of Civil Procedure. In any event, Mr. Wilson has thoroughly briefed the court on his proposed claims, and the court is confident that it may rule on the merits of Mr. Wilson's intervention, rather than deny it on purely procedural grounds.

B.    Mr. Wilson's Interest in the Controversy.

Permissive intervention is within the sound discretion of the trial court.[10] As the above-quoted language of the Rule indicates, intervention under Rule 24(b)(2) may only be permitted when an applicant's claim or defense and the main action have a question of law or fact in common. As set forth below, it is clear that Mr. Wilson's claims do not have a question of law or fact in common with plaintiff's claims in this case.

Highly summarized, plaintiff claims that he has suffered damages as a result of his use of the cholesterol-blocking drugs Mevacor and Zocor. In his case, he pursues claims against Merck, the alleged manufacturer of the drugs, David Barry, M.D., a physician with the United States Department of Veterans Affairs (the "V.A.") whom plaintiff alleges prescribed the drug, and the Kansas Boards of Healing Arts and of Pharmacy, which oversee physicians practicing in Kansas. Plaintiff claims that Dr. Barry and Merck failed to disclose potential side-effects and dangerous contraindications to the drug's use. Plaintiff also claims that Dr. Barry failed to get informed consent from plaintiff. Finally, plaintiff claims that the Kansas Board of Healing Arts and Kansas Board of Pharmacy failed to adequately supervise Dr. Barry and conduct appropriate administrative proceedings regarding plaintiff's claims.

---

[10]  *See Shump v. Balka,* 574 F.2d 1341, 1345 (10th Cir. 1984).

Mr. Wilson also took a cholesterol-blocking or "statin" drug, and he also claims damages resulting from the use of that drug. However, the similarities between his claims and plaintiff's stop here. Mr. Wilson is a Georgia resident. His prescribing physician practices medicine in Georgia under the supervision of that state's medical authorities. Further, Mr. Wilson does not claim that his prescribing physician is employed by the V.A. Finally, Mr. Wilson was prescribed two drugs – Lipitor and Provachol – which are manufactured by Pfizer and Bristol-Myers Squibb.

Mr. Wilson has not asserted any claim against any of the defendants to the instant lawsuit. Nor does it appear that he could. The prescription drugs he claims led to his damages were not manufactured by Merck, but by wholly separate pharmaceutical companies. These drugs were allegedly prescribed by a Georgia physician, over whom the Kansas Board of Healing Arts and the Kansas Board of Pharmacy have neither jurisdiction nor oversight responsibilities. Finally, neither Dr. Barry nor any other V.A. physician is alleged to have prescribed the drugs of which Mr. Wilson complains. Mr. Wilson's claims do not involve any issue of law or fact in common with plaintiff's claims.

To the extent that plaintiff or Mr. Wilson believe that the instant case is about statin drugs in general, that view is misguided. Unless and until a class is certified, as plaintiff appears to desire, and additional statin-producing pharmaceutical companies are then joined as defendants to that case, the only claims and defenses at issue in this lawsuit are those involving the individual defendants to this action. That is, as this case is currently postured, the only issues of law or fact that have been raised address whether plaintiff has suffered

damages as a result of the action or inaction of Merck, Dr. Barry, and the Kansas Board of Healing Arts and Board of Pharmacy.[11]

C.      Whether Mr. Wilson's Motion is Premature.

The undersigned opines that Mr. Wilson did not intend to become one of two plaintiffs in this case against the currently-named defendants, and that Mr. Wilson may never have filed the instant motion if he had not received misinformation that a class had been certified. Instead, it appears that Mr. Wilson believed that he could become a member of a class action lawsuit; theoretically, that class would include any patient asserting a claim for damages resulting from the prescription of statin drugs, regardless of the particular drug, pharmaceutical manufacturer, or prescribing physician involved in the individual plaintiffs' cases.

The ruling of this court precluding Mr. Wilson from joining this particular lawsuit, of course, should not bar him from bringing his own separate case, in the appropriate court of course, against parties he believes are liable for any damages he suffered from his use of statins.  Nor does this ruling impair his ability later to join in a properly-certified class action lawsuit regarding these issues, if such certification eventually takes place in this or any other case.

V.   Recommendation.

---

[11] While the court recognizes that the issue of whether statin drugs generally cause certain medical damage is an issue about which this court might allow plaintiff to present evidence, this claims in this particular action are much narrower than the effects of statin drugs in general.  As this case is currently postured, only plaintiff's individual claims of damage from his use of Mevacor and Zocor, and the individual defendants' liability for any alleged damage, are before this court.

For the reasons set forth above, the undersigned magistrate judge recommends that Judge Murguia deny the motion **(doc. 89)** of Charles M. Wilson to intervene in this action. The undersigned also recommends that the motion **(doc. 97)** of the United States to strike Mr. Wilson's motion to intervene be denied as moot.

## VI.  Notice.

Within ten days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

IT IS SO ORDERED.

Copies of this order shall be served on *pro se* plaintiff, Mr. Wilson, and all counsel of record.

Dated this 12th day of July, 2005, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge