**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| THOMAS E. SCHERER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 05-2019-CM |
| MERCK & CO., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Pending before the court are plaintiff's Motion for a Remand Back to the Original State District

Court of Kansas (Doc. 4), and defendant United States of America's Motion to Dismiss (Doc. 27).

**I.    Background**

On December 15, 2004, plaintiff Thomas E. Scherer, who proceeds pro se, filed a civil action in

the District Court of Johnson County, Kansas, Tenth Judicial District, Division Two, captioned Thomas E.

Scherer v. Merck & Co., David R. Barry, and the State of Kansas, case number 04-CV-09349.  Plaintiff

contends that he suffered damages as a result of his use of the cholesterol-blocking drugs Mevacor and

Zocor.  Plaintiff brought suit against David R. Barry, M.D., a physician with the United States Department

of Veterans Affairs (the "V.A."), who allegedly prescribed the drugs, Merck & Co. ("Merck"), the alleged

manufacturer of the drugs, and the Kansas Board of Healing Arts and the Kansas Board of Pharmacy,

which allegedly oversee physicians, including Dr. Barry, who practice in Kansas.  Specifically, plaintiff

claims that Dr. Barry and Merck failed to disclose potential side effects and dangerous contraindications to

the drugs' use, Dr. Barry failed to get informed consent from plaintiff, and the Kansas Board of Healing

Arts and Kansas Board of Pharmacy failed to adequately supervise Dr. Barry and conduct appropriate administrative proceedings regarding plaintiff's claims.

On January 13, 2005, the United States filed a Notice of Removal (Doc. 1), transferring plaintiff's state court case to this federal court.  On January 18, 2005, defendant Merck joined the removal filed by the United States (Doc. 3).

On January 19, 2005, the United States filed a Notice of Substitution, which, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, substituted the United States for Dr. Barry. Attached to the Notice of Substitute is a certification by United States Attorney Eric F. Melgren that, pursuant to 28 U.S.C. § 2679(d)(1), Dr. Barry was an employee of the V.A. and was acting within the scope of his employment as an employee of the United States at the time of the conduct in plaintiff's petition/complaint.

Although plaintiff's petition/complaint states the he is suing Dr. Barry "in his individual capacity," the United States asserts that plaintiff makes no factual allegations regarding plaintiff receiving medical care from Dr. Barry outside the confines and context of the V.A.

## II.      Plaintiff's Motion to Remand[1]

The first issue before the court is whether the United States properly removed this case to federal court. "'[F]ailure to comply with [the] express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand.'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (citation omitted).  Plaintiff's petition/complaint designates Dr. Barry "in his individual capacity" rather than as a physician employed by the V.A.  The United States may remove a state case against an employee of the federal government to federal court upon certification by the United States Attorney General that the employee was "acting within the scope of his office or employment at the time of the incident out of which the claim arose."  28 U.S.C. § 2679(d)(2).  "This certification by the Attorney General shall *conclusively* establish scope of office or employment for purposes of removal."  *Id.* (emphasis added).

Here, the United States properly substituted the United States for Dr. Barry on January 19, 2005. In support of its Notice of Substitution, the United States included a certification by United States Attorney

[1] The court is unclear of plaintiff's exact position regarding removal of this case.  Plaintiff's motion for remand seems to argue that certain claims should be remanded, while others should stay in federal court.  For instance, plaintiff argues that "there are more than one claim [sic] against the United States and related and unrelated parties that is ripe for a federal court action," and that "there are causes of action against the Department of Education . . . against Washburn and Concord University that must be preserved by timely filing in a federal court action."   (Doc. 71, at 5).  The court assumes plaintiff is referring to his other case pending in the United States District Court for the District of Kansas, captioned Thomas E. Scherer v. Washburn University and United States of America, case number 05-2288.  Plaintiff's attempt to join the two cases was denied by Magistrate Judge James P. O'Hara (Doc. 38).  In accordance with that order, plaintiff should keep these two cases separate and refrain from cross-referencing them.
The court also notes that plaintiff's motion to remand states that plaintiff "incorporates by reference . . . all prior pleadings" (Doc. 71, at 2).  In the future, the court instructs plaintiff to include in each pleading any information or arguments he believes would be helpful, as the court's role is not to sift through each of plaintiff's prior pleadings.

Eric F. Melgren that Dr. Barry was an employee of the V.A. and was acting within the scope of his

employment as an employee of the United States at the time of the allegations outlined in plaintiff's

petition/complaint.  United States Attorney Melgren's certification conclusively establishes this fact; it is not

a question for a jury, as plaintiff contends.  Additionally, the United States timely removed plaintiff's state

court case to this court on January 13, 2005.  *See* 28 U.S.C. § 1446(b).  The court notes that the United

States's notice of substitution was filed six days after its notice of removal.  Plaintiff alleges that the timing of

these filings causes removal to be defective.  While the court would have preferred that the United States

file its notice of substitution before or simultaneously with its notice of removal, this error does not rise to

the level of creating a defective removal.

Removal is required in this case because, pursuant to the Federal Tort Claims Act ("FTCA"), the

federal district court has exclusive subject matter jurisdiction over plaintiff's claims against the United

States.  *See* 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil

actions on claims against the United States, for money damages . . . for . . . personal injury . . . caused by

the negligent or wrongful act or omission of any employee of the Government while acting within the scope

of his office or employment.").  Furthermore, remedy under the FTCA is plaintiff's exclusive remedy against

the United States.  *See* 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by

sections 1346(b) and 2672 of this title for . . . personal injury . . . resulting from the negligent or wrongful

act or omission of any employee of the Government while acting within the scope of his office or

employment is exclusive of any other civil action or proceeding for money damages by reason of the same

subject matter against the employee whose act or omission gave rise to the claim or against the estate of

such employee.  Any other civil action or proceeding for money damages arising out of or relating to the

-4-

same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.").

Accordingly, the true parties in interest are plaintiff, the State of Kansas, Merck, and the United States. Therefore, this court has jurisdiction over plaintiff's claim against the United States pursuant to 28 U.S.C. § 1346. And, because the FTCA is plaintiff's exclusive remedy against the United States, this court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Finding that this court has jurisdiction over plaintiff's claims against the United States, plaintiff's motion to remand is denied.[2]

## III.    The United States's Motion to Dismiss

The United States's Motion to Dismiss argues that plaintiff has failed to exhaust his administrative remedies. The applicable statute, 28 U.S.C. § 2675(a), requires that an action against the United States for money damages for personal injury, inter alia, may not be brought until the claimant has (1) presented the claim to the appropriate agency, and (2) the agency has made a final decision in writing. If the agency fails to make a timely final disposition within six months of the filing of the claim, the claimant may assume that a final disposition of the claim has been made for purposes of exhaustion. *Id.*

Here, the St. Louis Office of Regional Counsel received an administrative tort claim on Standard Form 95, "Claim for Damage, Injury or Death," from plaintiff on August 10, 2004. Plaintiff filed his petition in Kansas state court against Dr. Barry, the State of Kansas, and Merck on December 15, 2004. The United States does not deny that plaintiff filed the appropriate claim with the appropriate agency.

---

[2] In light of the court's finding that this court has jurisdiction over plaintiff's claim against the United States, the court declines to consider Merck's argument that plaintiff fraudulently joined the State of Kansas and Dr. Barry in order to defeat diversity jurisdiction. Furthermore, the court denies plaintiff's request for "a taxation of expenses and costs for that frivolous, improper, fraudulent and defective removal action . . . by the United States (joined by Merck)." (Doc. 71, at 1).

However, the United States contends that plaintiff did not wait six months for the agency's final disposition before filing in state court.  Six months from August 10, 2004, when plaintiff presented his claim to the appropriate federal agency, is February 10, 2005.

The court finds that plaintiff filed his claim against the United States approximately two months early, and thus failed to exhaust his administrative remedies.[3]  For this reason, the court grants defendant United States's Motion to Dismiss, and dismisses without prejudice plaintiff's claim against the United States.

Having dismissed plaintiff's only claim with federal jurisdiction, the court declines to exercise supplemental jurisdiction over plaintiff's remaining claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").  Accordingly, the court hereby remands plaintiff's remaining claims against the State of Kansas and Merck for further proceedings pursuant to 28 U.S.C. § 1447(c).  *See Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000); *Torres v. Corr. Corp. of Am.*, 372 F. Supp. 2d 1258, 1265 (N.D. Okla. 2005).

**IT IS THEREFORE ORDERED** that Motion for a Remand Back to the Original State District Court of Kansas (Doc. 4) is denied, and defendant United States of America's Motion to Dismiss (Doc. 27) is granted.

---

[3] For the record, plaintiff's response to the United States's Motion to Dismiss does not argue that plaintiff exhausted his administrative remedies.  Instead, it focuses almost entirely on whether this court should remand the case back to state court.  Therefore, the court views plaintiff's lack of a relevant response as an admission of his failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED** that this case is hereby remanded back to the District Court of Johnson County, Kansas.

**IT IS FURTHER ORDERED** that the following pending motions are denied as moot: plaintiff's (Second) Notice of Appeal of (All) Magistrate Order(s) (Doc. 43), Motion to Dismiss Defendant State of Kansas (Doc. 46), plaintiff's Motion to Certify Class (Doc. 49), plaintiff's Motion for an Extension of Time (Doc. 51), plaintiff's (Third) Notice of Appeal of Magistrate Order (Doc. 53), plaintiff's Notice of Objection to an Order (Doc. 78), Charles M. Wilson's motion to intervene (Doc. 89), Defendant United States of America's Motion to Strike (Doc. 97), plaintiff's Motion for Leave to Submit a Request for a Hearing in Person on the United States [sic] 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 106), plaintiff's Notice of Objection to an Order (Doc. 110), Charles M. Wilson's Notice of Objection (Doc. 111), Magistrate Judge James P. O'Hara's Report and Recommendation (Doc. 119), plaintiff's Notice of Objection-Magistrate Order (Doc. 127), and plaintiff's Motion for Hearing (Doc. 130).

Dated this 18th day of January 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**