**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| THOMAS E. SCHERER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2019-CM |
| MERCK & CO., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Pending before the court are plaintiff Thomas E. Scherer's Motion to Correct Clerical Error (Doc. 137); Motion by Defendant Merck & Co., Inc. for Reconsideration of Order Granting Motion to Remand (Doc. 138); Charles M. Wilson's Motion to Correct Clerical Error (Doc. 139); plaintiff's Motion to Reconsider Memorandum and Order (Doc. 141); plaintiff's Motion to Strike Merck['s] Motion to Reconsider Memorandum and Order (Doc. 143); and Merck's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Local R. 11.1 (Doc. 153).

**I.    Background**

On December 15, 2004, plaintiff Thomas E. Scherer, who proceeds *pro se*, filed a civil action in the District Court of Johnson County, Kansas, captioned *Thomas E. Scherer v. Merck & Co., David R. Barry, and the State of Kansas*, case number 04-CV-09349. Plaintiff contends that he suffered damages as a result of his use of the cholesterol-blocking drugs Mevacor and Zocor. Plaintiff brought suit against David R. Barry, M.D., a physician with the United States Department of Veterans Affairs (the "V.A."), who allegedly prescribed the drugs; Merck & Co. ("Merck"), the alleged manufacturer of the drugs; and the Kansas Board of Healing Arts and the Kansas Board of Pharmacy, which allegedly oversee physicians, including Dr. Barry, who practice in Kansas.

Specifically, plaintiff claims that Dr. Barry and Merck failed to disclose potential side effects and dangerous contraindications to the drugs' use, Dr. Barry failed to get informed consent from plaintiff, and the Kansas Board of Healing Arts and Kansas Board of Pharmacy failed to adequately supervise Dr. Barry and conduct appropriate administrative proceedings regarding plaintiff's claims.

On January 13, 2005, the United States filed a Notice of Removal (Doc. 1), transferring plaintiff's state court case to this federal court. On January 18, 2005, Merck joined the removal filed by the United States (Doc. 3).

On January 19, 2005, the United States filed a Notice of Substitution, which, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, substituted the United States for Dr. Barry. Attached to the Notice of Substitute is a certification by United States Attorney Eric F. Melgren that, pursuant to 28 U.S.C. § 2679(d)(1), Dr. Barry was an employee of the V.A. and was acting within the scope of his employment as an employee of the United States at the time of the conduct in plaintiff's petition/complaint.

This court granted the United States's motion to dismiss on January 18, 2006, finding that plaintiff failed to exhaust his administrative remedies with respect to his claim against the United States. After dismissing plaintiff's sole federal claim, the court lacked subject matter jurisdiction over this case and remanded plaintiff's remaining claims to state court.

**II.    Analysis**

**A.    Motions to Reconsider**

Both plaintiff and Merck filed motions to reconsider the court's order remanding this case to state court. However, pursuant to federal statute, the court does not have jurisdiction to reconsider its motion to remand.

Whether to grant or deny a motion for reconsideration is generally committed to the court's discretion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). Federal statute, however, precludes appellate courts from reviewing remand orders except under specific circumstances. 28 U.S.C. § 1447 states:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .
>
> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

"Despite the seemingly unqualified language of the first clause of § 1447(d), its prohibition on appellate review applies 'only if the district court remands on grounds permitted by § 1447(c).'" *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) (quoting *Flores v. Long*, 110 F.3d 730, 731 (10th Cir. 1997) (other citations omitted)). Therefore, appellate courts "have jurisdiction to review a remand order only if (1) the remand was for a reason other than lack of subject matter jurisdiction or a defect in the removal procedure or (2) the "except" clause of § 1447(d) gives us jurisdiction because the case was removed under 28 U.S.C. § 1443 (governing certain civil rights cases)." *Id; see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995).

Here, the court remanded this case for lack of subject matter jurisdiction after it dismissed plaintiff's only federal claim, which was not a federal civil rights claim pursuant to 28 U.S.C. § 1443. Therefore, the Tenth Circuit does not have jurisdiction to review the court's remand order.

The question for the court, however, is whether it may reconsider its own remand order. The Tenth Circuit has not yet addressed this question. *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 67 F. Supp. 2d 1242, 1244 (D. Kan. 1999). The circuit courts that have considered this issue fall into two camps.

> Some courts hold that district courts can reconsider a remand order under Section 1447(c) until the Clerk of the Court mails the remand order. *See Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984); *Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988); *Federal Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979). More recent decisions, however, hold that a district court simply cannot reconsider a remand order under Section 1447(c). *See In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996); *In re Loudermilch*, 158 F.3d 1143, 1146 (11th Cir. 1998).

*Id.* (footnotes omitted). In *Aetna*, Judge Kathryn Vratil agreed with the holdings of the Fourth and Eleventh Circuits and held that "[t]he broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), and a motion for reconsideration is a form of review," and "[t]he courts which allow reconsideration until the Clerk mails a copy of the remand order avoid the plain language of Section 1447(d)." *Id.* at 1245 (citations omitted).

Because the Tenth Circuit has yet to decide this issue, the court will follow the thorough and well-reasoned opinion in *Aetna*. As such, the court does not have jurisdiction to reconsider its remand order. The court denies plaintiff's and Merck's motions to reconsider.

**B.     Plaintiff's Motion to Correct Clerical Error**

Plaintiff argues that the court prematurely terminated this case on January 18, 2006, the same day the court remanded the case back to state court, without consideration of the automatic stay provisions of Federal Rule of Civil Procedure 62. In light of the court's previous ruling that it does not have jurisdiction to reconsider its remand order, plaintiff's motion is denied as moot.

**C.     Charles M. Wilson's Motion to Correct Clerical Error**

-4-

Calling himself a co-plaintiff, Charles M. Wilson has been filing motions before this court for some time. The court has not yet allowed Mr. Wilson to intervene or join in this lawsuit. Therefore, the court need not recognize Mr. Wilson's motion. Even if the court were to consider the merits of Mr. Wilson's motion, the results are the same because Mr. Wilson's motion is nearly identical to plaintiff's Motion to Correct Clerical Error, which the court previously denied as moot. Consistent with that ruling, the court denies Mr. Wilson's motion.

**D.     Plaintiff's Motion to Strike**

Plaintiff requests that the court strike Merck's motion to reconsider the court's remand order. In light of the court's previous ruling that it does not have jurisdiction to reconsider its remand order, plaintiff's motion is denied as moot.

**E.     Merck's Motion for Sanctions**

Merck moves this court to sanction plaintiff in the form of dismissal of this case because, Merck argues, plaintiff's motion to strike Merck's motion to reconsider was filed with the purpose of harassment, and made professional and personal attacks regarding Merck's counsel, Lynn McCreary. Because the court has already remanded this case back to state court, the court does not have jurisdiction to dismiss it in its entirety. Therefore, Merck's motion for sanctions is denied.

The court notes for the record, however, that it expects both attorneys and *pro se* litigants to adhere to Federal Rule of Civil Procedure 11. Under different circumstances, the court would have considered dismissing plaintiff's case as a sanction for his attacks against Ms. McCreary. The court strongly encourages plaintiff to modify his style of advocacy.

**IT IS THEREFORE ORDERED** that plaintiff Thomas E. Scherer's Motion to Correct Clerical Error (Doc. 137); Motion by Defendant Merck & Co., Inc. for Reconsideration of Order Granting Motion to Remand (Doc. 138); Charles M. Wilson's Motion to Correct Clerical Error

(Doc. 139); plaintiff's Motion to Reconsider Memorandum and Order (Doc. 141); plaintiff's Motion to Strike Merck['s] Motion to Reconsider Memorandum and Order (Doc. 143); and Merck's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Local R. 11.1 (Doc. 153) are denied.

Dated this 7th day of August 2006, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
