## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THOMAS E. SCHERER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 05-2019-CM** |
| **MERCK & CO., et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Pending before the court are several motions filed by plaintiff Thomas E. Scherer: Motion for Leave to Proceed in Forma Pauperis (Doc. 164); Motion to Waive Appellant Filing Fees on Joint Notice of Appeal (Doc. 163); and Motion for Temporary Injunctive Relief (Doc. 165). For the following reasons, the court denies all three motions.

The court first takes up plaintiff's motion to proceed in forma pauperis ("IFP").[1] Proceeding IFP in a civil case is a privilege which the court has wide discretion to grant or deny. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999). In this case, plaintiff has submitted a worksheet indicating that his monthly expenses exceed his income by $90. The court, however, finds that some of plaintiff's expenses are discretionary, and, in fact, appear to be designated to pay fees such as appellate filing fees – plaintiff indicates that he spends $500 monthly on litigation expenses. *See Brewer v. City of Overland Park Police Dep't*, 24 Fed. Appx. 977, 979 (10th Cir. 2002) (noting that one of the factors the court will consider is "the nature of the mandatory

---

[1] In the caption of his motion, plaintiff lists two cases: the instant case, and another case pending before this court – Case No. 05-2288. In Case No. 05-2288, plaintiff has already paid the required filing fee, and has not filed a Notice of Appeal. The court denies plaintiff's motion as either moot or premature with respect to Case No. 05-2288.

and discretionary demands on the applicant's financial resources" (internal citations omitted)). Plaintiff also lists entertainment expenses of $139 per month, which the court regards as discretionary. After reviewing plaintiff's papers filed under seal, the court finds that plaintiff is not entitled to IFP status. The court also denies plaintiff's request to make monthly payments of no more than $50 per month. Plaintiff has not demonstrated to the court that he is unable to pay the Tenth Circuit filing fee.

Plaintiff's Motion to Waive Appellant Filing Fees is essentially duplicative of his motion to proceed in forma pauperis. The court notes that plaintiff wants the court to treat the appeal in this case as a "joint" notice of appeal. The court will not do so. Plaintiff Scherer and Charles M. Wilson, who the court has not allowed to join this suit, each filed a notice of appeal on different dates. Although plaintiff Scherer stated that his was a "joint notice," only plaintiff Scherer signed the notice of appeal. Plaintiff Scherer is not an attorney, and cannot sign a pleading on behalf of another person. Plaintiff Scherer and Mr. Wilson are each responsible for paying their own filing fees.

The court also denies plaintiff's motion to grant temporary injunctive relief. Plaintiff has appealed this case to the Tenth Circuit, thereby depriving this court of jurisdiction to hear plaintiff's claim for relief. *See Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (filing notice of appeal confers jurisdiction on court of appeals and divests district court of jurisdiction (citations omitted)).

**IT IS THEREFORE ORDERED** that Motion for Leave to Proceed in Forma Pauperis (Doc. 164); Motion to Waive Appellant Filing Fees on Joint Notice of Appeal (Doc. 163); and Motion for Temporary Injunctive Relief (Doc. 165) are denied.

Dated this 24th day of August 2006, at Kansas City, Kansas.

-3-

                                                s/ Carlos Murguia  
                                                **CARLOS MURGUIA**  
                                                **United States District Judge**