IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS E. SCHERER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-2019–CM |
| ) | |
| MERCK & CO., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the court on Mr. Charles M. Wilson's filing, which he entitled "Notice of Appeal," but was filed as a Motion for Relief from Judgment (Doc. 182). Because Mr. Wilson is not a party to this case, his motion is denied.

## I.  BACKGROUND

On August 24, 2006, this court denied Plaintiff Scherer's effort to treat his August 18, 2006 motion (Doc. 163) as a "joint" notice of appeal (Doc. 172). The court noted that "Plaintiff Scherer is not an attorney, and cannot sign a pleading on behalf of another person." In response, Mr. Wilson filed the present pleading in which he states that Plaintiff Scherer's notice of appeal was "sufficient and to [his] satisfaction indicating that [he] was one of the joint appellant(s)." Mr. Wilson seeks to participate in plaintiff Scherer's appeal "both as a member of the class, as well as joiner." As a justification for the present pleading, Mr. Wilson refers to Rule 60(b)(1) to correct "an alleged or actual mistake [he] made."

## II.  DISCUSSION

The court assumes that the citation of Rule 60(b)(1) refers to Federal Rule of Civil Procedure

60(b)(1). This rule permits a court to relieve "a party or a party's legal representative from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

As this court noted in its August 7, 2006 Order, Mr. Wilson is not a party to this action (Doc. 158). The court relied on this fact to deny Mr. Wilson's prior motion. The same logic applies here. Mr. Wilson is not a party. Mr. Wilson's present motion is denied.

Moreover, the language of Rule 60 applies to judgments, orders, or proceedings related to parties and parties' legal representatives. Mr. Wilson is not a party. Mr. Wilson is not the legal representative of a party. Rule 60(b)(1) does not apply to Mr. Wilson's present pleading.

Mr. Wilson's effort to participate in plaintiff Scherer's appeal "both as a member of the class, as well as joiner" is invalid. Despite Mr. Wilson's clear tenacity and attentiveness, he continues to misstate resolved issues. Mr. Wilson cannot participate in plaintiff Scherer's action "both as a member of the class, as well as joiner[,]" because he is neither. As the Magistrate Judge's June 13, 2005 Order (Doc. 105) stated, "no class certification has occurred." This court has never certified a class. Without class certification, there is no class. Without a class, there are no class members. Because there are no class members, Mr. Wilson is not a class member. Similarly, Mr. Wilson cannot participate as "joiner," because this court, in its January 18, 2006 Order (Doc. 134), denied his motion to intervene. This court has not allowed Mr. Wilson to intervene or join this suit in any method. Mr. Wilson is not a party.

**IT IS THEREFORE ORDERED** that Mr. Wilson's Motion for Relief from Judgment, entitled "Notice of Appeal," (Doc. 182) is denied as moot.

-3-

Dated this 11th day of October 2006, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**