## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THOMAS E. SCHERER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )      **No. 05-2019-CM** |
| | ) |
| **MERCK & CO., DAVID R. BARRY/** | ) |
| **UNITED STATES OF AMERICA, and** | ) |
| **STATE OF KANSAS,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

### MEMORANDUM AND ORDER

Plaintiff Thomas E. Scherer brought this *pro se* action against defendants Merck & Co.,

David R. Barry/United States of America, and the State of Kansas.  This action is before the court on

plaintiff's *pro se* Motion for Order (Doc. 222); plaintiff's *pro se* Motion to Reconsider a

Memorandum and Order (Doc. 225); plaintiff's counsel's Motion to Withdraw as Attorney (Doc.

244); and defendant State of Kansas's Motion for Reconsideration (Doc. 245).  The parties'

Stipulation of Dismissal (Doc. 241) is also relevant to this order.

## I.      Background

On October 15, 2007, plaintiff filed a *pro se* motion to dismiss his counsel and signed a

Stipulation of Dismissal along with each defendant.  One week later, this court denied plaintiff's *pro*

*se* motion to dismiss his counsel.  In the October 22 Memorandum and Order, the court noted that

plaintiff filed his motion *pro se*, but while he was represented by counsel.  This court does not accept

*pro se* filings from parties that are represented by counsel.  As a result, the court denied plaintiff's

request.  The court also noted, "[i]f plaintiff and his counsel determine that such a motion is

appropriate and the motion is filed by counsel, plaintiff could then represent himself by filing a stipulation of dismissal or taking other appropriate action in this case."

Also on October 22, 2007, plaintiff's counsel filed a Motion to Withdraw as Attorney (Doc. 244). Plaintiff's counsel stated, "In support of this Notice, the undersigned counsel would state that after differences arose between Plaintiff and counsel, his services as attorney for Plaintiff were terminated by the Plaintiff three weeks ago." Three weeks prior to the date of plaintiff's counsel's statement was October 1, 2007. This was before the plaintiff, acting *pro se*, and the defendants entered a Stipulation of Dismissal.

On October 29, 2007, defendant State of Kansas filed a Motion for Reconsideration (Doc. 245). Defendant State of Kansas represents that plaintiff notified defendants of the termination of his relationship with counsel before the stipulation of dismissal was filed. While the court typically waits for a response before ruling on a motion, the deadline for filing such a response has passed, and plaintiff notified the clerk's office of his intent to not file a response.

## II.    Judgment Standards

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1998); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general recognize three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances

for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the  court has mistakenly decided issues outside of those the parties presented for  determination.").

### III.    Analysis

Defendant State of Kansas does not apply any of the three grounds justifying reconsideration to the present case.  Instead, defendant State of Kansas asks the court to take judicial notice of plaintiff's counsel's Motion to Withdraw (Doc. 244) and states that the parties filed the Stipulation of Dismissal in good faith.  Defendant State of Kansas concludes by requesting that the Court issue an order: (1) granting plaintiff's counsel's Motion to Withdraw (Doc. 244); (2) "dismissing as moot the Motion to Dismiss Michael J. Gunter of Plaintiff [Doc. 242] as he was represented at the time it was filed[;]" (3) reconsidering the court's October 22, 2007 Memorandum and Order;  and (4) allowing the Stipulation of Dismissal.

The court cannot grant defendant State of Kansas's Motion to Reconsider.  The motion does not state why reconsideration is necessary.  In fact, the only holding of the October 22, 2007 Memorandum and Order—that plaintiff's *pro se* filing to dismiss his counsel was denied as moot—is a portion of defendant State of Kansas's requested relief.  Defendant State of Kansas's Motion to Reconsider (Doc. 245) is denied.

On the other hand, the situations between the parties and between plaintiff and his counsel have been clarified since the court issued the October 22, 2007 Memorandum and Order.  The court's instruction that "[i]f plaintiff wishes to resume representing himself *pro se*, then plaintiff should contact his counsel in this case about whether it would be appropriate for counsel to file a motion to withdraw as counsel" has been fulfilled.  Plaintiff's counsel filed a "Notice of Withdrawal of Counsel for Plaintiff" (Doc. 244).  Based on plaintiff's *pro se* filing to dismiss counsel and the

"Notice of Withdrawal of Counsel for Plaintiff," the court finds that the termination of the relationship between plaintiff and his counsel is appropriate and grants the Notice of Withdrawal (Doc. 244). Moreover, the notice also indicated that plaintiff has been self-represented for three weeks, which includes the time when the Stipulation of Dismissal was filed. Accordingly, the court no longer has concerns about plaintiff's ability to act *pro se* in relation to the Stipulation of Dismissal.

The court acknowledges the Stipulation of Dismissal filed and signed by plaintiff acting *pro se* and defendants. The court will consider this case to remain dismissed. Accordingly, the court denies plaintiff's *pro se* Motion to Reconsider (Doc. 225) as moot.

However, the court notes that plaintiff's appeal (Doc. 215, 07-3102) remains pending. The Tenth Circuit recalled its dismissal of that appeal, pending resolution of plaintiff's Motion to Waive Appellant Filing Fees (Doc. 222). After reviewing plaintiff's Motion to Waive Appellant Filing Fees (Doc. 222), the court finds that this motion is similar to several motions to proceed in forma pauperis that plaintiff has filed. This court and other courts in the District of Kansas have denied these similar motions. *See e.g., Scherer v. Merck & Co.*, No. 05-2019, 2006 WL 2524149, at *1 (D. Kan. Aug. 24, 2006); *Scherer v. State of Kan.*, No. 06-2446, 2006 WL 3147731, at *2–3 (D. Kan. Nov. 1, 2006). Plaintiff's financial declaration does not indicate any significant changes in income or assets that would merit a different outcome. Plaintiff's Motion to Waive Appellant Filing Fees (Doc. 222) is denied.

**IT IS THEREFORE ORDERED** that plaintiff's *pro se* Motion for Order (Doc. 222) is denied.

**IT IS FURTHER ORDERED** that plaintiff's *pro se* Motion to Reconsider a Memorandum and Order (Doc. 225) is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's counsel's Motion to Withdraw as Attorney (Doc. 244) is granted.

**IT IS FURTHER ORDERED** that defendant State of Kansas's Motion for Reconsideration (Doc. 245) is denied.

Dated this 20th day of November, 2007, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**